The evidence in this case amply supported the verdict, and it was not erroneous to overrule the motion for new trial, which was based on the general grounds only.
Judgment affirmed. All the Justicesconcur.
 No. 15886. JULY 10, 1947.
Sweetie Bryant Jr. was indicted by the grand jury of Mitchell County for the murder of his father-in-law, Will Davis, by shooting him with a shotgun. He was convicted without a recommendation of mercy, and sentenced to be electrocuted. He made a motion for new trial on the general grounds only, which was overruled by the trial judge. The exception here is to the overruling of this motion.
The evidence showed that Will Davis was shot by a shotgun and was badly beaten with a blunt instrument on his head and face. The physician called to attend him testified that the deceased lived only a few minutes after the physician arrived, and that the shotgun wound would have been sufficient to cause his death. The deceased was killed near the gate of his home in Mitchell County, and a broken shotgun was found by the body.
Clinton Wimberly testified that he was plowing in a field near the scene of the homicide, and heard two gunshots. He ran in the direction of the shots and saw the defendant beating the deceased over the head with a gun. Minnie Wimberly, wife of the witness, testified that she was with her husband in the field, and that she saw the same occurrence related by him.
Florence Wimberly (or Marcus) testified that at the time Will Davis was killed she was on her porch across the road from the gate to his house. She saw the defendant going along the hedgerow that leads from the gate to Will Davis's house, and he was stooped over. Shortly after the defendant came up the hedgerow, Will Davis drove up in a car. When the deceased turned to open the gate, the defendant shot him.
Eloise Brown identified the gun exhibited at the trial as her father's gun, and testified that the defendant had borrowed it from her on the day that the deceased was killed, stating that he wanted to see if he could kill a squirrel. *Page 454 
Grover Hones, Deputy Sheriff of Mitchell County, testified that he was unable to find the defendant for two months after the homicide. He found the defendant in Fort Lauderdale, Florida.
There was evidence tending to show that the defendant had been separated from his wife, Pink Rose, a daughter of the deceased, and that, on an occasion previous to the homicide, the defendant had instituted habeas corpus proceedings to obtain custody of his child from the deceased, and that the deceased had delivered the custody of the child.
The defendant in his statement recounted a former separation between himself and his wife, and that he had obtained custody of his child from the deceased by court proceedings. He stated that after obtaining custody of his child, he went to Florida, and his wife wrote him to come back. He brought the baby back and left it at the home of the deceased where his wife was staying. He again went to Florida and stayed about a week, and when he returned he asked where his wife was and they told him they did not know. In regard to the killing his only statement was: "I met him at the gate and I didn't think nothing about hurting him and that is where I killed him at."